UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alvin William Sumpter, #281218,                    ) | C/A No. 4:10-3067-RBH-TER |
| )  | |
| Petitioner,              ) | |
| ) | |
| vs.                                                         ) | REPORT AND RECOMMENDATION |
| ) | |
| Anthony Padula, Warden of Lee Correctional Institution,  ) | |
| ) | |
| Respondent.            ) | |
| _____  ) | |

The Petitioner, Alvin William Sumpter ("Petitioner"), appearing pro se, filed this petition for writ of habeas corpus on December 6, 2010.[1] (Doc. # 1.) The Respondent filed a motion for summary judgment along with supporting memorandum and exhibits. (Doc. # 19.) The undersigned issued an order filed March 7, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the Petitioner of the motion and the possible consequences if he failed to respond adequately. (Doc. # 20.) The Petitioner filed a response in opposition to the Respondent's motion on June 8, 2011. (Doc.# 45.).

**GROUNDS FOR RELIEF**

Petitioner asserts that his Fourteenth Amendment rights were violated in connection with a disciplinary hearing held on November 17, 2009, in which he was found guilty of assault and/or

---

[1]This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

battery on an SCDC employee that resulted in the loss of 24 days of "good time" credits and 360 days of disciplinary detention. Petitioner alleges the disciplinary process violated his rights because he was denied the right to call witnesses, to question his accuser, and to have an impartial disciplinary hearing officer. Petitioner requests this Court to "reverse disciplinary hearing conviction whereupon order is issued requiring Respondent to restore my 24-day loss of good time credits and to release me from disciplinary sentence of 360 days." (Petition, p. 14).

## PROCEDURAL HISTORY

Petitioner is an inmate at the South Carolina Department of Corrections, Lee Correctional Institution. Petitioner is currently serving a twenty (20) year sentence for Attempted Armed Robbery. Petitioner's conviction was entered in the Court of General Sessions for Orangeburg County, South Carolina on January 23, 2002, pursuant to a jury verdict of guilty. (Doc. #19-4, Sentence Sheet). In addition to the Attempted Armed Robbery Sentence, on February 3, 2011, Petitioner pleaded guilty to Assault and Battery of a High and Aggravated Nature. (Doc. #19-5, Sentence Sheet). Petitioner was sentenced to five (5) years in prison to run concurrent with the Attempted Armed Robbery sentence he is currently serving. (Respondent's memorandum).

On October 15, 2009, Petitioner was charged with a violation of SCDC Disciplinary Policy OP-22.14 §801 Assault and/or Battery of an SCDC Employee, Other Government Employee, Volunteer, or Contract Employee with Means and/or Intent to Kill or Injure. (Id.) On November 17, 2009, a disciplinary hearing was held and Petitioner was convicted of the aforementioned charge. (Doc. #19-6 through 19-8, Disciplinary Report and Hearing Record, Disciplinary Hearing Transcript, and Doc. #19-14, Affidavit of Michelle White). The sanctions imposed included three-

hundred-sixty (360) days loss of canteen and phone privileges, three-hundred-sixty (360) days of disciplinary detention, and twenty-four (24) days loss of good-time credit. (Id.).

## **EXHAUSTION**

Respondent argues that the petition should be dismissed because Petitioner has failed to exhaust his state remedies before filing this action. Respondent asserts that Petitioner filed a Step One and Step Two grievance but did not comply with the Rules when filing his appeals in the Administrative Law Court, the South Carolina Court of Appeals, and the South Carolina Supreme Court.

On November 20, 2009, Petitioner filed a Step One Grievance challenging his conviction for the charge of §801 Assault and/or Battery of an SCDC Employee, Other Government Employee, Volunteer, or Contract Employee with Means and/or Intent to Kill or Injure. (Doc. #19-9, Grievance Forms). The Warden found no errors in the disciplinary proceedings and upheld Petitioner's conviction. (Id.). On December 17, 2009, Petitioner filed a Step Two Grievance again challenging his disciplinary conviction. (Id.) The responsible official found no evidence to support Petitioner's allegations and denied Petitioner's grievance. (Id.).

On April 5, 2010, Petitioner filed a Notice of Appeal with the South Carolina Administrative Law Court. On May 6, 2010, the Honorable Carolyn C. Matthews dismissed Petitioner's appeal for failure to comply with Rule 59 of the Rules of Procedure for the Administrative Law Court. (Doc. #19-10, Administrative Law Court Order of Dismissal).

In his response in opposition to Respondent's motion for summary judgment , Petitioner argues that it was the fault of the mail room that the appeal was not timely received which he

3

explained in a letter to the Administrative Law Judge after she dismissed his case. Therefore, Petitioner argues that he properly exhausted.

On June 21, 2010, Petitioner filed an appeal before the South Carolina Court of Appeals challenging the Order of Dismissal from the Administrative Law Court. On July 20, 2010, the South Carolina Court of Appeals issued an Order of Dismissal due to Petitioner's failure to pay the filing fee, as provided for in Rule 203 of the South Carolina Appellate Court Rules. (Doc. #45, Exhibit #18 and Doc. #19-11, South Carolina Court of Appeals Order of Dismissal). On September 2, 2010, the South Carolina Court of Appeals denied Petitioner's petition for rehearing. (Doc. #45, Exhibit #22, and Doc. #19-12, South Carolina Court of Appeals Order Denying Rehearing). Petitioner further appealed to the South Carolina Supreme Court, however, the case was dismissed on October 18, 2010 due to Petitioner's failure to pay the filing fee, as provided for in Rule 242(c) of the South Carolina Appellate Court Rules. (Doc. #45, Exhibit #24 and Doc. #19-13, Supreme Court of South Carolina Order of Dismissal).

In his response in opposition, Petitioner asserts he was not able to pay the filing fees as he was indigent. Petitioner asserts that he properly attempted to appeal to the highest state court but was not allowed to be heard because he could not afford the filing fees. (Doc. #45, p. 31-32).[2]

---

[2] Petitioner asserts that he was not able to pay the filing fee for his appeal in the South Carolina Court of Appeals as he was indigent. In Exhibit #19 attached to Petitioner's response to the motion for summary judgment, the South Carolina Court of Appeals issued a letter to Petitioner dated June 21, 2010, informing him that they received his correspondence in regards to his financial status and inability to pay the filing fee and directed him that if "you would like to proceed with this appeal without cost, then you must serve and file a motion with this Court requesting that you be allowed to proceed without paying these fees, pursuant to Rule 240 of the South Carolina Appellate Court Rules. The motion that you file must be served on all other parties to the appeal, must be accompanied by an original proof of service, and must be received in this office no more than fifteen days from the date of this letter." (Petitioner's Exhibit #19). Petitioner attached a copy of his motion to proceed without paying the filing fee which was dated

A state prisoner may seek habeas relief either through 28 U.S.C. § 2241 or § 2254.[3] Although the exhaustion provisions codified under § 2254 are not contained in § 2241, the exhaustion requirement "applies to all habeas corpus actions." Fain v. Duff, 488 F.2d 218, 223 (5th Cir.1973). This doctrine, based on principles of comity, requires that, before a federal court will review allegations of constitutional violations by a state prisoner, those allegations must first be presented

---

July 21, 2010. On July 20, 2010, the South Carolina Court of Appeals entered an Order of Dismissal due to the failure of appellant to provide the $100.00 Notice of Appeal filing fee as requested in the Court's letters date June 21, 2010, and July 6, 2010. (Petitioner's Exhibit #20). Petitioner filed an "objection" to the Court's dismissal of his appeal for failure to pay the filing fee which the South Carolina Court of Appeals construed as a petition for rehearing. The petition for rehearing was denied by order entered on September 2, 2010, stating that the right to proceed IFP must rest upon a statute or a fundamental constitutional right which burden Petitioner had not met. The South Carolina Court of Appeals also stated that "[a]fter careful consideration, the Court is unable to discover that any material fact or principle of law has been either overlooked or disregarded, and hence, there is no basis for granting a rehearing or reinstating the appeal. (Petitioner's Exhibit #22). The South Carolina Supreme Court denied his petition for writ of certiorari for failure to comply with Rule 242(c) of the South Carolina Appellate Court Rules after being instructed by the Supreme Court on September 30, 2010, what was required for him to proceed. (Doc. #45-3).

[3]Circuit courts are split on whether 28 U.S.C. § 2241 or 28 U.S.C. § 2254 is the proper statute under which a state inmate should proceed when challenging the execution of a state sentence. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. See White v. Lambert, 370 F.3d 1002, 1005 (9th Cir.2004), (overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir.2010)). The Fourth Circuit noted the split of authority in Gregory v. Coleman, No. 06–6646, 2007 WL 570522 (4th Cir. Feb.20, 2007). However, it does not appear that the Fourth Circuit has taken a definitive stance on the issue to date. See also Meeks v. McKoy, No. 09–6208, 2010 WL 1050047 (4th Cir. March 23, 2010) (holding that § 2254's one year statute of limitations applied to petitioner's challenge of his disciplinary conviction in state habeas action filed originally on a § 2254 petition).

to the state's highest court for consideration. See Pickard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1976).

The habeas statute provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . " 28 U.S.C. § 2254(b)(1). Similarly, although § 2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust his administrative remedies before bringing a claim under that statute. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490–91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). See also McClung v. Shearin, No. 03–6952, 2004 WL 225093, at ——1 (4th Cir. Feb.6, 2004) (*citing* Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir.2001)).

In order to exhaust his state remedies attacking the execution of his sentence, Petitioner must follow the procedure set out in Al- Shabazz v. State of South Carolina, 338 S.C. 354, 527 S.E.2d 742, 750 (S.C.2000); see also Slezak v. S.C. Dep't of Corr., 361 S.C. 327, 605 S.E.2d 506, 507 (S.C.2004). Generally, a state prisoner's sentence calculation claim will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly being raised through the prison grievance process with appeal to the South Carolina Administrative Law Court, rather than through a post-conviction relief ("PCR") application filed in circuit court. See Al-Shabazz, 338 S.C. 354, 527 S.E.2d 742. Pursuant to the South Carolina Administrative Procedures Act ("SCAPA") and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the Administrative Law Court may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. S.C.Code Ann. § 1-23-610; Rule 242, SCACR. Therefore, Petitioner must exhaust his administrative remedies available through

the SCDC grievance process, and then he must fully exhaust his state court remedies as provided in the SCAPA before he brings his petition for federal habeas review.

Based on the foregoing, Petitioner has not exhausted his state remedies. Thus, Petitioner fails to state a cognizable claim under, or meet the exhaustion requirement for, a habeas action under either § 2254 or § 2241. As such, it is recommended that Respondent's motion should be granted and this action dismissed.

## **CONCLUSION**

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (docket entry #19) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without prejudice and without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 16, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**